UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH I. HURST,

          Plaintiff,
                        9:16-cv-1062
v.                          (DNH/TWD)

A. MOLLNOW and EISENSCHMIDT,

          Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| KEITH I. HURST<br>Plaintiff *pro se*<br>105 Hunter Ave, #2<br>Albany, NY 12206 | |
| ABDELLA LAW OFFICES<br>*Pro bono* counsel for Plaintiff<br>8 West Fulton Street, PO Box 673<br>Gloversville, NY 12078 | CHRISTOPHER M. STANYON, ESQ. |
| HON. LETICIA JAMES<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, NY 12224 | MARK G. MITCHELL, ESQ.<br>RICHARD C. WHITE, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

  This civil rights action, commenced pursuant to 42 U.S.C. 1983, has been referred by the Hon. David N. Hurd, U.S. District Judge, for the purpose of conducting an evidentiary hearing on the issue of whether Plaintiff exhausted his administrative remedies prior to commencing this

action. (Dkt. No. 68.) *Pro bono* counsel for Plaintiff was assigned. (Dkt. No. 67.[1]) An evidentiary hearing was held on August 7, 2019. (*See* Text Minute Entry 8/7/2019.) Plaintiff and four witnesses for Defendants, Rachel Seguin, Matthew Waters, William Scanlon, and Joshua Vance, testified. Exhibits D-1 through D-6 were admitted into evidence upon the stipulation of the parties.

At the close of the hearing, and based upon the evidence adduced at the hearing, the Court issued a bench decision which concluded that while Plaintiff did not exhaust the administrative remedies set forth in the New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Grievance Program ("IGP"), N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2013), he failed to do so because the remedies were rendered unavailable.

In the bench decision, the Court provided further detail regarding the Court's reasoning and addressing the specific issues raised by the parties at the hearing. The bench decision, which has been transcribed, is attached to this Order; and the Court incorporates it in its entirety by reference herein. To the reasons the Court discussed on the record to support this recommendation, the Court adds the following. The testimony further showed that multiple employees of DOCCS made rounds in the Special Housing Unit where Plaintiff was housed at the time he attempted to file the subject grievance. Numerous individuals beyond witness Joshua Vance, a Corrections Officer at Washington Correctional Facility, could have picked up the grievance which was to be sent to the IGP office. Further, when Plaintiff appealed other unrelated grievances through the various levels as argued by Defendants to show Plaintiff understood the grievance process, he was located at the same facility throughout the appeal

---

[1] The Court extends its appreciation to Christopher M. Stanyon, Esq. for his *pro bono* service in this case thus far.

process. Plaintiff had not been moved to another facility during the pendency of those other grievances and appeals.

After due deliberation, and based upon the Court's oral bench decision attached to this Order and Report-Recommendation, the Court recommends that Plaintiff be excused from the exhaustion requirements of the DOCCS IGP and this matter should proceed to trial as scheduled per Text Notice of January 30, 2019.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that the District Court determine that the administrative remedies under the DOCCS IGP were rendered unavailable to Plaintiff, his excessive force claim in this action is not barred by the PLRA based on his failure to exhaust, and that this matter proceed to trial; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dated: August 12, 2019
      Syracuse, New York

                                            Thérèse Wiley Dancks
                                            United States Magistrate Judge

```
                  UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF NEW YORK


KEITH I. HURST,                        )
                                       )
                                       )
              Plaintiff,               ) CASE NO. 16-CV-1062
                                       )
   vs.                                 )
                                       )
A. MOLLNOW, et al.,                    )
                                       )
              Defendants.              )
_____)
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HON. THERESE WILEY DANCKS**
**WEDNESDAY, AUGUST 7, 2019**
**ALBANY, NEW YORK**

**FOR THE PLAINTIFF:**
   ABDELLA LAW OFFICES
   By:  CHRISTOPHER MATTHEW STANYON, ESQ.
   8 West Fulton Street, PO Box 673
   Gloversville, New York 12078-0006

**FOR THE DEFENDANTS:**
   NEW YORK STATE ATTORNEY GENERAL
   By:  MARK G. MITCHELL, ESQ. and RICHARD C. WHITE, ESQ.
   The Capitol
   Albany, New York 12224

*JACQUELINE STROFFOLINO, RPR*
*UNITED STATES DISTRICT COURT - NDNY*

1           (Open court, 2:18 p.m.)

2           THE COURT:  All right.  We are back on the record.

3   I'm going to issue a decision right now that I'm going to ask

4   the court reporter to transcribe, and then I will attach it to

5   my order.  All right.  So this part of my decision will be

6   attached to the order.

7           I've heard all the evidence this morning and all of

8   the witnesses.  I've also admitted Exhibits D1 through D6 on the

9   stipulation of the parties.

10          By way of background in terms of the law, under the

11  PLRA, the Prison Litigation Reform Act, an inmate may not bring

12  a federal suit with respect to prison conditions unless he has

13  previously exhausted administrative remedies.  In Ross versus

14  Blake, the Supreme Court abrogated this Court's then existing

15  exception to the requirement of exhaustion, *i.e.*, that a

16  plaintiff's failure to exhaust could be excused under certain

17  special circumstances, after concluding that the PLRA

18  establishes a mandatory exhaustion regime.  And that case is 136

19  Supreme Court 1850.  It's a 2016 case.  I think everybody is

20  familiar with the Ross case.

21          The Court, however, observed that the statute contains

22  its own textual exception in that it only requires an inmate to

23  exhaust available remedies, and the argument here today has been

24  whether or not -- well, part of the argument is whether or not

25  the defendant -- or excuse me, the plaintiff's administrative

1  remedies were available to him.

2  According to Ross, an administrative remedy may be
3  deemed unavailable when:  one, it operates as a simple dead end;
4  or two, it is so opaque, it becomes practically speaking
5  incapable of use; or three, prison administrators thwart inmates
6  from taking advantage of a grievance process through
7  machination, misrepresentation, or intimidation.  And that's the
8  Ross case at pages 1859, 1860.

9  The circuit, the Second Circuit has suggested that the
10  three circumstances discussed in Ross do not appear to be
11  exhaustive.  And that's the Williams versus Priatno case, 829
12  F3d 118.

13  We heard about the procedure for inmate grievances
14  through the testimony today, and that procedure is laid out in
15  New York Compilation of Codes and Rules and Regulations at Title
16  7 Section 701.1 and continuing.  Broadly speaking, the inmate
17  grievance program or IGP lays out a three-level system of
18  redress.  One, grievances are sent to the inmate grievance
19  resolution committee.  Two, on appeal, the inmate may take his
20  complaint to the facility superintendent.  And three, if still
21  not satisfied, an inmate may appeal to a committee of the
22  central office staff acting on behalf of the commissioner.  When
23  there's an excessive force type complaint, there is no hearing
24  in front of the inmate grievance review committee.  That
25  complaint is generally forwarded on to the superintendent of the

1  facility.

2  A grievance must be submitted within 21 days of the
3  complained-of event, and an inmate may request an exception to
4  the time limit for filing a grievance, but such an exception
5  must be made only for mitigating circumstances and only if the
6  request is made within the 45 days of the alleged occurrence.
7  The complaint may only be filed with the facility where the
8  inmate is housed even if it pertains to another facility.  Any
9  appeal of a grievance must be filed at the facility where the
10 original grievance was filed even if the inmate has been
11 subsequently transferred.

12 Based on the evidence and testimony presented at the
13 exhaustion hearing today, this Court renews its earlier finding
14 that Williams does indeed govern the issue of availability in
15 this case, even though that was a motion to dismiss case,
16 because the evidence and testimony presented here at this
17 exhaustion hearing only further illustrates the opacity of the
18 IGP procedures that were demanded of the plaintiff.

19 Here, the plaintiff testified that he submitted a
20 grievance at Washington and then he was transferred out to
21 Upstate the very next day or on the same day.  While it's
22 unclear whether the plaintiff mailed it in the mailbox or put it
23 in the mail slot when he was in the SHU or gave it to a
24 correction officer, he did follow up about it when he was at
25 Upstate when he hadn't heard anything.  So I do find the

**Hurst v. Mollnow, et al. - 16-CV-1062**

plaintiff credible that he did indeed try to file the grievance about the claim of excessive force.

The undisputed evidence does demonstrate that Washington Correctional Facility has no record of the plaintiff's grievance. But based on the testimony today, the plaintiff's grievance was both unfiled and unanswered. In that situation, the Second Circuit in the Williams case has held that the procedures are so opaque and confusing that they were practically speaking incapable of use.

For instance, the defendant here suggests that plaintiff could have appealed the unanswered grievance directly to CORC or Central Office Review Committee or request an extension of time to refile the unanswered missing grievance. However, when an inmate is transferred as the plaintiff was here, according to Ms. Seguin's testimony today, an inmate can write to the IGP supervisor where he allegedly filed the grievance or write to the IGP supervisor at the facility where he's currently located and address it to the supervisor at the facility he's writing to. That procedure, however, according to Seguin, is not in Directive 4040.

She also testified that the procedure varies from facility to facility. When an inmate has been transferred as the plaintiff was here, it's not clear in Directive 4040 or in these facility-to-facility procedures what the inmate is exactly supposed to do. And Ms. Seguin did not know if that policy of

6

**Hurst v. Mollnow, et al. - 16-CV-1062**

1  either writing to the supervisor at the previous facility or at
2  the current facility, she didn't know whether that policy was in
3  place at Washington or at Upstate where the plaintiff was
4  transferred to after the incident at Washington.
5         So in light of all of that, the Court finds that the
6  plaintiff's administrative remedies under the DOCCS IGP were
7  unavailable.  And therefore, this Court recommends that the
8  plaintiff's excessive force claim proceed to trial
9  notwithstanding his failure to exhaust his administrative
10 remedies.
11        So that is what I will put into an order.  I may, when
12 I write my order, fill in a little more in terms of the
13 transcript when I get the official transcript, but this case is
14 scheduled for trial next month.  So that ends, just so we're
15 clear for the court reporter, that ends the part that will be
16 attached to the order.
17                   (End of excerpt at 2:26 p.m.)
18
19
20
21
22
23
24
25

CERTIFICATION OF OFFICIAL REPORTER

I, JACQUELINE STROFFOLINO, RPR, Official Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 9th day of August, 2019.

**/s/ JACQUELINE STROFFOLINO**

JACQUELINE STROFFOLINO, RPR

FEDERAL OFFICIAL COURT REPORTER