UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH I. HURST,

        Plaintiff,

  -v-                                       9:16-CV-1062
                                                (DNH/TWD)

A. MOLLNOW Correctional Officer, Washington
Correctional Facility; and EISENSCMIDT,
Sergeant, Washington Correctional Facility,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

ABDELLA LAW OFFICES                 CHRISTOPHER MATTHEW
Attorney for plaintiff                      STANYON, I, ESQ.
8 West Fulton Street
P.O. Box 673
Gloversville, NY 12078

HON. LETITIA JAMES                   MARK G. MITCHELL, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorneys for defendants
The Capitol
Albany, NY 12224                           RICHARD C. WHITE, ESQ.
                                                 Ass't Attorney General

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Pro se plaintiff Keith Hurst brought this civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2018, the Court adopted the July 20, 2018 Report-Recommendation of the Honorable Thérèse Wiley Dancks, United States Magistrate Judge August 12, 2019. In doing

so, defendants' motion for summary judgment was denied without prejudice so that defendants could request a hearing on the issue of exhaustion of administrative remedies.

Defendants moved for an exhaustion hearing on August 30, 2018, which the Court construed as a renewed motion for summary judgment on the exhaustion issue. On August 12, 2019, Magistrate Judge Dancks advised by Report-Recommendation that defendants' renewed motion for summary judgment on the issue of exhaustion be denied because plaintiff had no available remedies to exhaust under N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5. On August 26, 2019, defendants objected to the Report-Recommendation. Plaintiff duly opposed the objection on August 27, 2019.

Defendants argue that: (1) this case is not governed by *Williams v. Corr. Officer Priatno*, 829 F.3d 118 (2d Cir. 2016); (2) Magistrate Judge Dancks erred in determining that plaintiff had no available procedure to determine whether his grievance was pending; (3) she further erred in deciding that plaintiff could not understand the grievance process; and (4) plaintiff failed to produce evidence that the grievance procedure was unavailable to him.

*Williams* does, however, control here, because in both cases the critical facts established that a plaintiff had submitted or mailed a grievance, that grievance was never filed, and the plaintiff was transferred during the pendency of that grievance. 829 F.3d at 120-21. The Second Circuit ruled in *Williams* that "the process to appeal an *unfiled and unanswered* grievance is prohibitively opaque, such that no inmate could actually make use of it." *Id.* at 124-26 (emphasis added). The Second Circuit has clearly stated that the posture of the case, be it summary judgment or a motion to dismiss, is irrelevant to this point, contrary to defendants' contentions. *Medina v. Napoli*, 725 F. App'x 51, 54 (2d Cir. 2018) (summary order) ("That *Williams* was decided on a motion to dismiss and not on a summary judgment motion does not change the analysis.").

2

Defendants' argument that *Cicio v. Wenderlich*, 714 F. App'x 96, 98 (2d Cir. 2018) (summary order), controls, rather than *Williams*, is similarly unavailing. The Court in *Cicio* expressly distinguished itself from *Williams* because in *Cicio* the plaintiff had not been transferred after his grievance was filed, unlike in this case and *Williams*. *Compare Cicio*, 714 F. App'x at 98 (affirming dismissal of claim), *with Williams*, 829 F.3d at 126 (affirming denial of motion to dismiss on grounds of exhaustion). The Court has reviewed defendants' remaining objections de novo, and has found them to be meritless. 28 U.S.C. § 636(b)(1).

Based upon a careful review of the entire file, the recommendations of the Magistrate Judge, and defendants' objections, the Court finds defendants' objections meritless and the Report-Recommendation is accepted in whole. *See* 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. Defendants' renewed motion for summary judgment on exhaustion is DENIED; and

2. Trial is scheduled for September 9, 2019, in Utica, New York. Pre-trial papers are due on Friday, August 30, 2019, at 12:00 p.m.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: August 28, 2019
Utica, New York.