UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH I. HURST,
        Plaintiff,
  -v-                                        9:16-CV-1062
                                               (DNH/TWD)

A. MOLLNOW Correctional Officer, Washington
Correctional Facility; and EISENSCMIDT,
Sergeant, Washington Correctional Facility,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

ABDELLA LAW OFFICES                   CHRISTOPHER MATTHEW
Attorneys for plaintiff                       STANYON, I, ESQ.
8 West Fulton Street
P.O. Box 673
Gloversville, NY 12078

HON. LETITIA JAMES                     MARK G. MITCHELL, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorneys for defendants
The Capitol
Albany, NY 12224                             RICHARD C. WHITE, ESQ.
                                                    Ass't Attorney General

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

Plaintiff Keith Hurst brings the present complaint under 42 U.S.C. § 1983, alleging that defendants A. Mollnow and Sergeant Eisenschmidt subjected him to excessive force in violation of his Eighth Amendment rights against cruel and unusual punishment. The action is scheduled for trial beginning Monday, September 9, 2019, at 9:00 a.m. before this Court in

Utica, New York. The parties' submissions in advance of trial have been reviewed for the purpose of identifying material facts which are not in dispute.

Under Federal Rule of Civil Procedure ("Rule") 56(f), this Court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute," so long as it first gives the parties "reasonable time to respond." Rule 56(f)(3). A dispute concerning a material fact is not genuine unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Roberts v. Univ. of Rochester*, 573 F. App'x 29, 31 (2d Cir. 2014) (summary order) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

To prove an Eighth Amendment violation for excessive force, a plaintiff must prove that there was an objective harm done which does not comport with "contemporary standards of decency." *See Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992). The extent of injury may provide some indication of the amount of force applied by corrections officers and, thus, whether that force was excessive. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 37-38.

Additionally, under the doctrine of qualified immunity, state officials "operating under color of state law are . . . entitled to summary judgment when they can establish that either (1) a constitutional right was not violated or (2) the right was not clearly established at the time of the violation." *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (internal citations, quotation marks, and footnote omitted).

Upon review of the parties' submissions in advance of trial, this Court can identify no genuine dispute as to whether Hurst suffered a harm beyond a *de minimis* use of force, if

2

any. Plaintiff alleges that on July 1, 2016, Mollnow and Eisenschmidt viciously beat him, including kicking his face and slamming his head into a wall.[1] Plaintiff's own exhibits demonstrate that on July 2, 2016, the day after the alleged incident, he had no lesions or rashes anywhere on his body, and his only complaints were of pain in his right elbow and left arm. Dkt. 86, p. 37.

On July 6, 2016, five days after the alleged beating, the sum total of Hurst's injuries were a half inch scab on his left forearm, a quarter inch scab on his right elbow, and a minute scratch on his right shoulder, which required no care. Dkt. 86, pp. 8, 35, 41. Photographs taken that day confirm these facts. Dkt. 86, p. 8. Beyond that, his only complaints were pain in his chest/rib area, which the treatment notes describe as "all better," and a rash on his neck. Dkt. 86, pp. 35, 41. Nowhere does plaintiff allege that these minor injuries were caused by defendants. It strains credulity that Hurst's injuries from being kicked in his face, punched in his head, face, and chest, and having his head struck repeatedly against a wall would have healed to that extent in only a day, or even five. As a result, the evidence plaintiff himself presents suggests that if any force were used against him, it was *de minimis* and not of a kind repugnant to the conscience of mankind.

Given that Hurst's own exhibits seem to flatly contradict his anticipated testimony that defendants savagely beat him, this Court finds that on the facts presented, no reasonable factfinder could conclude that plaintiff suffered anything worse than a *de minimis* use of force, and not force of a sort repugnant to the conscience of mankind.[2] By extension, his Eighth Amendment claims cannot survive summary judgment. *See, e.g.*, *Taylor v. Schmidt*, 2018 WL 2021537, at *5-6 (N.D.N.Y. Mar. 26, 2018) (granting motion to dismiss where plaintiff's

---

[1] Plaintiff's only witness is himself.
[2] Plaintiff pleaded guilty at a disciplinary hearing to creating a disturbance and swearing at Mollnow on the day in question, which would justify any *de minimis* force used by the defendants.

3

complaint is "flatly contradicted by his own exhibits"); *Jones v. Fischer*. 2013 WL 5441353, at *6 n.6 (N.D.N.Y. Sept. 27, 2013) (noting on summary judgment that "there is no question of fact" where plaintiff's exhibits contradict his statements).

Accordingly, unless Hurst can marshal some further evidence that he suffered an actual injury at the hands of Mollnow and Eisenschmidt,[3] the Court must grant summary judgment for defendants on the grounds that his Eight Amendment rights were not violated, and/or that defendants were protected by qualified immunity because plaintiff cannot identify a constitutional right that defendants did violate.

Therefore, it is ORDERED that

1. The trial in this case scheduled for September 9, 2019 is adjourned pending the resolution of this order;
2. Plaintiff Keith Hurst may furnish arguments and evidence as to why this Court should not grant summary judgment for defendants on the basis of an absence of a genuine dispute of material fact and/or qualified immunity no later than 12:00 p.m. on Friday, September 13, 2019; and
3. Defendants may also furnish arguments in support of summary judgment on the basis of an absence of a genuine dispute as to material fact and/or qualified immunity no later than 12:00 p.m. on Friday, September 13, 2019.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: September 4, 2019
Utica, New York.

---

[3] With no concrete evidence, plaintiff's mere statements in his letters and affidavit are not sufficient.